IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| **Jeffery Todd Cook**,                             ) | Civil Action No. 9:15-2666-JMC-BM |
| )  | |
| Plaintiff,      ) | |
| ) | |
| v.                                                            ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Columbia Regional Care Center**          ) | |
| **Hospital, Roger Smith, Adam Crewell,**  ) | |
| **Brian Davidson and K. Davis,**             ) | |
| ) | |
| Defendants.  ) | |
| _____ ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. At the time this action was filed, Plaintiff was a pre-trial detainee facing charges in Boone County, West Virginia for burglary and grand larceny. See Exhibit (Court Docket No. 42-1, pp. 2-3).[1] During the time period relevant to Plaintiff's allegations, he was being held at CRCC for a mental health evaluation pursuant to a transfer order issued by the West Virginia Circuit Court. Plaintiff has, since the filing of this case, been transferred back to West Virginia. See Court Docket No. 54 (Change of Address Notice). Plaintiff alleges that, while housed at CRCC, the Defendants violated his constitutional rights by losing or misplacing some of his personal property and by not providing him

---

[1] Plaintiff's "bare boned" Complaint does not provide a chronology of his incarceration history, nor do the Defendants' filings set forth or detail this history. As such, Plaintiff's incarceration history and how he came to be held at the Defendant Columbia Regional Care Center (CRCC) has been gleaned from Plaintiff's exhibit, attached to his response in opposition to the Defendants' motion for summary judgment filed March 17, 2016.

1



with a pair of eyeglasses.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on March 3, 2016. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on March 4, 2016, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion on March 17, 2016. The Defendants also submitted supplemental material to their motion for summary judgment on March 17 and March 18, 2016, after which Plaintiff filed another response in opposition on March 21, 2016, and a third response in opposition on April 4, 2016.

Defendants' motion is now before the Court for disposition.[2]

**Background and Evidence**[3]

Plaintiff alleges in his Amended Verified Complaint[4] that the named natural Defendants are all employees of CRCC, which is a correctional medical care facility located in

---

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment . As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3] The facts and evidence are considered and discussed in this Report and Recommendation in the light most favorable to the Plaintiff, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996). However, as the undersigned finds for the reasons set forth hereinabove that this case is subject to dismissal for failure of the Plaintiff to exhaust his administrative remedies, only the evidence relating to that issue has been discussed.

[4] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

2



Columbia, South Carolina. Plaintiff alleges that when he was transported to CRCC from West Virginia, the "3 officers" from CRCC who came to pick him up told him that they would bring his personal property. However, Plaintiff alleges that when he arrived at CRCC, he was told by the officers that they had "[left] it". Plaintiff alleges that this personal property included paperwork that was germane to another law suit he had pending, as well as his eyeglasses. Plaintiff alleges that he was told that he would get his eyeglasses back, but that as of the date of the filing of this lawsuit it had been five months and he still did not have his eyeglasses. Plaintiff seeks monetary damages for the loss of his personal property and for his "suffering" due to not having his eyeglasses, as well as certain injunctive relief (the return of his personal property and his eyeglasses).

In the part of Plaintiff's Verified Amended Complaint where he is asked whether there was a prisoner grievance procedure in place at CRCC, Plaintiff answers "yes", and when asked if he had filed a grievance concerning the claims he was raising in this lawsuit, Plaintiff again answered "yes". However, when Plaintiff was asked when he filed a grievance, Plaintiff gives the dates of February 21, 2015 and June 20, 2015, but then writes "verbal" next to this entry. Finally, when asked if he had received a final grievance determination and when that determination was received by him, Plaintiff gives the date of June 23, 2015.[5] See generally, Plaintiff's Verified Amended Complaint.[6]

On September 8, 2015, Plaintiff filed what appears to have been intended as a

---

[5]Plaintiff's original Complaint, which does not include a date where he had received a final grievance determination is dated June 21, 2015, although it was not filed with the Clerk until July 6, 2015. The final grievance determination date of June 23, 2015 is contained in Plaintiff's Amended Complaint, which is dated July 20, 2015, and was filed with this Court on July 24, 2015.

[6]Plaintiff also later amended his Complaint a second time to add or correct the name of a party. See Court Docket Nos. 25 and 28.

3



supplement to his Complaint. Attached to this filing is a Stage 1 Patient Formal Grievance Form for the CRCC. In this grievance form, which is dated August 23, 2015, Plaintiff complains that his "civil right to medical care was violated on Sunday 8/23. I called the nurses desk from 5:58 p.m. to 7:50 p.m. and was ignored. I believe I was neglected because I am from West Virginia". See Plaintiff's Exhibit (Court Docket No. 19-1).

In support of summary judgment in this case, the Defendants have submitted, inter alia, an affidavit from Robert Schiel, who attests that he is the Risk Manager and Patient Advocate at CRCC. Schiel attests that he has reviewed all of the grievances filed by the Plaintiff, and that Plaintiff had only filed one grievance since arriving at CRCC in February 2015, which was the grievance already submitted as an exhibit by the Plaintiff, and which was filed on August 23, 2015. See also, Plaintiff's Exhibit (Court Docket No. 19-1). Schiel attests that this grievance, which was filed well after this lawsuit was commenced, has nothing to do with any of Plaintiff's allegations relating to missing eyeglasses or legal paperwork, and that he [Schiel] is unaware of any grievances having been filed by the Plaintiff regarding missing or misplaced eyeglasses or legal documents. See generally, Schiel Affidavit.

Plaintiff has not submitted any additional documents or sworn statements relating to the grievance issue. However, in his original response to summary judgment filed March 17, 2016, Plaintiff talks about not having received his personal property, including his eyeglasses, and states that "so you see why I filed a lawsuit and filed a grievance in August 23, 2015". Plaintiff further states that he "did not think I need[ed] to file[ ] a grievance when I had been [talking]" to . . . them . . . .". See Plaintiff's Response (Court Docket No. 42, ¶ 7). In his response filed March 21, 2016, Plaintiff states that he had spoken to Mr. Schiel on March 4, 2015 and to another individual and a



doctor on April 2, 2015, but acknowledges that he "did not file a grievance [ ] [until] Aug. 23, 2015". See Plaintiff's Response (Court Docket No. 47, p. 2). Finally, in Plaintiff's third response filed April 4, 2016, Plaintiff again states that he spoke to Schiel and someone else about getting him some eyeglasses, but acknowledges that he "did not file [  ] no grievance". See Plaintiff's Response (Court Docket No. 52, p. 2).

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Here, Defendants argue that this case is subject to dismissal because, inter alia, Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Section 42 U.S.C. § 1997e(a) provides that: "[n]o action shall be brought with respect to prison conditions under



section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, Congress has mandated exhaustion regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at CRCC.[7]

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007). To meet this burden, the Defendants have provided an affidavit from an official at CRCC attesting that Plaintiff only filed one grievance while at CRCC, which was filed after this lawsuit had already commenced and which also did not pertain to the issues raised in this lawsuit. A copy of that grievance has also been submitted by the Plaintiff himself, which confirms this fact. Indeed, Plaintiff confirms in his own filings that he only verbally discussed his complaints about his purported lost property and not having his eyeglasses with CRCC officials, but that he "did not file [ ] no grievance . . . .". See

---

[7]CRCC, as an in custody medical facility, is covered by the exhaustion requirements of 42 U.S.C. § 1997e(a). See 42 U.S.C. § 1997 [defining institution]; cf. Salas v. Gomez, No. 14-1676, 2016 WL 3971206 at * 12 (N.D.Ca. July 25, 2016) [Institution as defined in § 1997 includes "state prisons, state psychiatric hospitals and local jails"].



Verified Amended Complaint, p. 2, § II (C)(2); Plaintiff's Response (Court Docket No. 52, p. 2).

After review and consideration of the evidentiary exhibits and other filings in this case, the undersigned finds that the Defendants are entitled to dismissal of this case for failure of the Plaintiff to exhaust his administrative remedies.[8] See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies]. The Defendants have submitted an affidavit from an institution official attesting that a grievance process exists at CRCC, and that the only grievance Plaintiff ever filed while at CRCC was filed *after* this lawsuit had already been filed, and which did not relate to the issues being raised in this lawsuit. Plaintiff concedes this fact in his filings. Plaintiff having discussed his complaints with CRCC personnel is not the same as filing a grievance, and his having verbally done so (as alleged in his Complaint and as is further acknowledged by Plaintiff in his subsequent filings) does not constitute a pursuit of, or exhaustion of, his administrative grievance remedies. See generally Poe v. Bryant, No. 12-3142, 2013 WL 6158023, at * 2 (D.S.C. Nov. 21, 2013)[Holding that defendants satisfied their burden of showing a failure to exhaust administrative remedies with exhibits detailing the grievance process and showing that Plaintiff failed to exhaust this remedy, and that Plaintiff's contradictory statements in response were not sufficient to avoid dismissal of Plaintiff's case in light

---

[8]As Plaintiff has now been transferred back to West Virginia, his request for injunctive relief would be moot in any event. See United States Parole Commission v. Geraghty, 445 U.S. 388, 397 (1980) [Noting that the issue in controversy must "exist at the commencement of the litigation . . . [and] must continue throughout its existence"]; Powell v. McCormack, 395 U.S. 495, 496 (1969) ["[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome"]. Even so, transfer out of the alleged offending conditions of confinement does not negate the requirement of exhaustion of remedies. Cox v. Grayer, No. 08-1622, 2010 WL 1286837, at * 7 (N.D.Ga. March 29, 2010)["[T]here is no futility exception to [the] exhaustion requirement"]; Booth v. Churner, 532 U.S. 731, 735 (2001)[exhaustion still required where claims for injunctive orders are mooted by transfer].



of the contrary evidence]; cf. McNair v. Jones, No. 01-3253, 2002 WL 31082948 at * 7-8 (S.D.N.Y. Sept. 18, 2008) [Verbal complaints do not satisfy exhaustion requirement); Davis v. Minthorn, No. 05-326, 2006 WL 2222700 (E.D.Tenn. Aug. 2, 2006) [Submission of inmate request form not sufficient to exhaust grievance remedy].

Therefore, Plaintiff failed to attempt to administratively resolve this matter prior to filing this lawsuit, subjecting this case to dismissal. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"];[9] see also Spruill v Gillis, 372 F.3d 218, 227-232 (3d Cir. 2004) [Discussing necessity of pursuing all administrative remedies to the end]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other - to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998));.

**Conclusion**

Based on the foregoing, it is **recommended** that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies. Malik v. Sligh, No. 11-1064, 2012 WL 3834850, at * 4

---

[9]Even if the grievance Plaintiff filed on August 23, 2015 had been about the issue presented in this lawsuit (which it was not), and Plaintiff had fully exhausted that grievance through the grievance process that would not allow Plaintiff to pursue this claim here. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."].

8



(D.S.C. Sept. 4, 2012) ["A court may not consider, and must dismiss, unexhausted claims"].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 1, 2016
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

